```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
CRAIG LOGAN, individually and on behalf  :
of all others similarly situated,        :
                                         :
                        Plaintiff,       :       25cv6640 (DLC)
                                         :
              -v-                        :       OPINION AND
                                         :          ORDER
PLAYA BOWLS, LLC,                        :
                                         :
                        Defendant.       :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:

James Clayton Kelly
The Russo Firm
244 5th Avenue
Suite K-278
New York, NY 10001

For defendant:

Baldassare Vinti
Qian Jennifer Yang
Proskauer Rose LLP (NYC)
11 Times Square
New York, NY 10036

DENISE COTE, District Judge:

Craig Logan has filed a putative class action against the national retail food chain Playa Bowls, LLC ("Playa Bowls"), alleging that it misrepresents the ingredients and quality of one of its offerings -- its acai bowls.  For the following reasons, Playa Bowls' motion to dismiss is granted.

## Background

The following allegations are contained in the Second Amended Class Action Complaint ("SAC") and are accepted as true for the purposes of this motion.  Documents integral to the complaint are also described below.

The defendant owns and operates a nationwide chain of retail food stores where it sells among other products acai bowls made with its Playa Acai base.  Acai is a small, dark berry grown in the Amazon.  The defendant purchases its acai base from Yummy Acai LLC, a company that operates an acai processing facility in Brazil and owns the trademark to "Playa Acai."

Logan, an Arizona resident, purchased acai bowls at Playa Bowls locations in Ft. Lauderdale, Florida on November 8, 2020, Scottsdale, Arizona on February 20, 2022, and in Times Square in July of 2024.  In this lawsuit, Logan challenges Playa Bowls' statements about the health and nutritional value of its acai bowls that appear in four different settings.

I.  Times Square Menu Board

Logan challenges the following statements that appear on the menu board at Playa Bowls' Times Square shop as misleading. The top of the menu board that lists the acai bowls states: "BLENDED WITH THE HIGHEST QUALITY ORGANIC PLAYA ACAI."  For each

2

bowl listed below, the board lists in larger script the name of the bowl and in lines under that name and in smaller script the principal ingredients for the bowl, which may include Playa Acai.  For example, the "8th Ave" bowl's ingredients are listed as "Playa Acai Topped with Granola Banana & Honey" and the "Pura Vida" bowl's ingredients are listed as "Playa Acai topped with Granola, Blueberry, Strawberry & Honey."  In addition, the price and calorie count of each bowl is listed on the menu board.

II.  Website's Nutrition Page

Logan also argues that statements that appear on the Nutrition Page ("Page") of the Playa Bowls' website are misleading.  The Page lists the statutorily-required nutritional facts for its menu items, including for types of playa bowls. Those nutritional facts are listed in columns and include characteristics like calories, sodium, dietary fiber, and more. A column of interest here is the one for "Sugar."[1]  For example, the Page lists that the "Blueberry Flax Granola Topping" contains 14 grams of sugar.  In a section of the Page titled "The Difference Between Refined Sugar and Natural Sugar," the Page explains that "[r]efined sugar . . . causes your insulin

---

[1] As required by the Nutritional Labeling and Education Act of 1990 ("NLEA"), retail food establishments that are part of a chain with 20 or more locations must provide certain nutritional information of food that is a standard menu item.  21 U.S.C. § 343(q)(5)(H).

and blood sugar to skyrocket" and that "[s]ugar in fruit" is "great for your body and actually bring[s] nutritional value to your diet."

In a section titled "Did You Know We Hand Craft Our Own Acai Recipe?", the Page states that Playa Acai has double the pulp when compared to competitors, is never blended with banana or apple juice, is "imported directly to New Jersey from Brazil and is never stored for more than 21 days."  At another line, it states that Play Bowls "control[s] everything that goes into" Playa Acai "and serve[s] a superior product that is not available at any other acai shop."

III. Blog Post Available Through Website

Logan also claims that statements in a blog post are misleading.  A 2019 Blog Post ("Post"), which can be located through a search conducted on Playa Bowls' website of past blog posts, is titled "Why We Don't Sugar Coat Anything . . . Especially Our Acai Bowls."  The Post states that "the acai we create comes straight from Brazil, is stored for 21 days maximum, and contains 70% of the berry's pulp."  It additionally states "Because we have bypassed large trucking fees by making our own acai, this gives us the power to put money back into making our product as healthy and pure as it is today" and "Quality results in quantity, and that only happens when you

4

remove the sugar coat from all aspects of your business --
especially your product."

IV.   Correspondence regarding Nutrition Label

The final set of allegedly misleading statements appears in a communication between the parties.  On June 5, 2025, Logan emailed Playa Bowls: "I am looking for the added sugar content for your bases and bowls.  You don't provide 'added' sugar content online.  This info is mandatory per FDA if it is requested by a consumer."  On June 9, Playa Bowls responded with the list of ingredients for the defendant's bases: "Organic acai puree, organic cane sugar, organic erythritol (less than 1% locust bean gum, guar gum, organic stevia, sunflower lecithin, citric acid)."

The same day, Logan requested the amount of organic cane sugar in three bases, including the acai base.  Playa Bowls responded by providing the nutrition labels for the bases.  Its email noted that there are 11 ounces, or 311 grams, of base in its bowls and that there are two servings in each bowl.[2]  The nutrition label for the acai base lists the serving size as 266 grams and displays an "added sugar" content of 14 grams.

---

[2] Playa Bowls admits that its response erred in indicating that there are two servings in each bowl instead of one serving.

Logan filed this action on August 12, 2025.  He filed a first amended complaint on November 11.  After the defendant filed a motion to dismiss, Logan responded by filing the SAC on January 12, 2026.  Logan had been warned that it is unlikely that he would have another opportunity to amend.

The SAC brings claims on behalf of Logan and two sets of classes: a class of Playa Bowls consumers in New York ("New York Class") and another class of consumers in 22 states[3] ("Multi-State Class").  The first of its four claims is brought pursuant to New York General Business Law ("GBL") §§ 349 and 350 on behalf of Logan and the New York Class.  The remaining claims are for violations of the consumer protection statutes of 22 states on behalf of the Multi-State Class, for unjust enrichment on behalf of Logan and both classes, and for common law fraud and fraudulent concealment on behalf of Logan.  The defendant renewed its motion to dismiss on February 3.  The motion became fully submitted on February 24.

### Discussion

The defendant has moved to dismiss each of the SAC's four claims.[4]  To defeat a motion to dismiss brought under Rule

---

[3] The District of Columbia is included among the 22 states.

[4] Because each of the plaintiff's GBL claims is dismissed it is unnecessary to consider the 22 other state statutes or the parties' arguments regarding Logan's standing to represent

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Doe v. Franklin Square Union Free School Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 556 U.S. at 678). In determining if a claim is sufficiently plausible to withstand dismissal, a court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted).

In reviewing a motion to dismiss for failure to state a claim, the court "may consider documents that are attached to the complaint, incorporated in it by reference, integral to the complaint, or the proper subject of judicial notice." United States v. Strock, 982 F.3d 51, 63 (2d Cir. 2020) (citation omitted). A document is "integral when the complaint relies heavily upon the document's terms and effect." Id. (citation omitted). Playa Bowls has attached copies of the 2019 Blog Post

---

classes from states other than New York. The plaintiff does not argue that a claim under any other consumer protection statute would survive when his claims under the GBL fail.

and the Nutrition Page to its motion.  Those website pages are integral to the SAC, which displays screenshots of the pages.

Certain claims in the SAC are subject to a heightened pleading standard.  Under Rule 9(b), a plaintiff pleading a claim that sounds in fraud must "state with particularity the circumstances constituting [the] fraud."  Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd., 19 F.4th 145, 150 (2d Cir. 2021) (citation omitted).  A complaint subject to the pleading requirements of Rule 9(b) must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  In re IBM Arb. Agreement Litig., 76 F.4th 74, 87 (2d Cir. 2023) (citation omitted).  "A plaintiff may satisfy Rule 9(b) with allegations of circumstantial evidence if the circumstantial evidence alleged explains how and why the statement was misleading when made."  Altimeo, 19 F.4th at 150-51 (citation omitted).

I.   GBL §§ 349 and 350

Playa Bowls moves to dismiss the GBL claims, arguing that the SAC fails to state a claim as to any of the statements on which the SAC relies for its claims.  Section 349 of the GBL prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce in the furnishing of any service in

this state." N.Y. Gen. Bus. Law § 349(a). Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 350. To state a violation under either section, a plaintiff must plead "that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." McCracken v. Verisma Sys., Inc., 91 F.4th 600, 607 (2d Cir. 2024) (citation omitted)(§ 349); see also Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015)(§ 350).

A defendant's actions are "materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances." McCracken, 91 F.4th at 607 (citation omitted). This "objective definition", whether applied to representations or omissions, complements the definition applied by the Federal Trade Commission to its antifraud provision, upon which the New York statute is modeled. Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 26 (1995). As importantly, in the context of consumer-oriented conduct, the deceptive conduct is time-bound. It must "bear on a consumer's decision to participate in a particular transaction." McCracken, 91 F.4th at 608 (citation omitted).

"While it is true that literally accurate statements can still be misleading," the Court of Appeals "has repeatedly observed that in determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." Chufen Chen v. Dunkin' Brands, Inc., 954 F.3d 492, 501 (2d Cir. 2020) (citation omitted)(construing GBL). "In the case of omissions in particular . . . [the GBL] does not require businesses to ascertain consumers' individual needs and guarantee that each consumer has all relevant information specific to its situation." Oswego, 85 N.Y.2d at 26. Under either provision of the GBL, therefore, "it is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." Chufen, 954 F.3d at 500 (citation omitted).

It is also well established that a defendant's actions are not cognizable under the GBL if the defendant discloses the very practices alleged to be deceptive. See id. at 501; Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 125 (2d Cir. 2017). Finally, under the GBL, (1) "subjective statements that cannot be proven true or false" and (2) "objective statements that can be proven true or false but are so exaggerated that no reasonable buyer could justifiably rely on them" are non-actionable puffery. MacNaughton v. Young Living

10

Essential Oils, LC, 67 F.4th 89, 96 (2d Cir. 2023).  Subjective statements that are non-actionable include exaggerations or overstatements "that mention nothing specific but rather amount to general claims of superiority expressed in broad, vague, and commendatory language."  Id. (citation omitted).

A. Times Square Menu Board

The plaintiff asserts that his "strongest" claim arises from the Times Square menu board, and that is where this analysis of the motion to dismiss will begin.  Logan asserts that the menu board creates a misleading impression by listing good, natural ingredients in the bowls but omitting the sugar additives to its acai base.  He asserts that this selective disclosure creates the false impression that there are no sugar additives or chemical preservatives in the bowls, such as the organic cane sugar, organic erythritol, organic stevia, and citric acid that is added to its acai base.

The SAC fails to state a violation of the GBL based on the menu board.  It does not allege that any statement on the menu board was literally false.  It also fails to plead that any statement on the menu board was false by implication.  Instead, relying on a theory that the board created an overall impression of healthy food, the SAC asserts that that overall impression was false because of an omission of additives to the acai base.

11

The SAC does not plausibly allege, however, that the statements on the board became misleading due to the failure to add to the board the list of the additives to the acai base. Considering the setting in which the consumer was reading the menu board, the SAC fails to plead that a reasonable consumer would have been misled. The menu board has large print to allow a cluster of customers to efficiently read and select their choice from the menu of options at a retail food establishment. Nothing from that setting or the information on the board suggests that the board contains an exhaustive list of all ingredients of each item listed, whether it be the ingredients for the granola or the acai base. The SAC therefore fails to plead that a reasonable consumer at a retail food establishment would expect the items listed on the menu board to include additives to the Playa Acai or that the board was deceptive due to that omission.

The plaintiff argues in opposition to this motion that the menu board "functions as a half-truth" by highlighting good ingredients like fruit and honey while omitting the "bad" ingredients like cane sugar in the acia base. He asserts that the defendant engaged in "health halo" marketing, which misleads consumers into thinking that a product is "healthy, pure, or superior" by concealing nutritional or ingredient "realities". This argument does not salvage this claim. The plaintiff

12

neither points to any misrepresentation nor provides a basis to find a material omission that created an actionable misleading statement.

In support of his "health halo" theory, Logan relies on Mantikas v. Kellogg Co., 910 F.3d 633 (2d Cir. 2018).  But in Mantikas there was an affirmative representation that the defendant's crackers were "made with whole grain" when they were made predominantly with enriched white flour.  Id. at 639. Here, the SAC does not assert that any affirmative statements were false or misleading.  For instance, it does not allege that the acai bowls did not contain their listed ingredients, including acai base.  Nor does it allege that there was any representation that the acai base was free of sugars and preservatives.  The GBL claims based on the menu board are dismissed.

B. Nutrition Page

The SAC next asserts that several statements on the Nutrition Page on the defendant's website create a misleading impression.  The Page describes the nutritional values of its Playa Bowls as required by law.  It also has a description of the difference between refined and natural sugar.  It explains as well, at a high level, characteristics of its acai recipe. The SAC contends that several statements on the Page are

misleading.  First, the SAC asserts that by discussing the difference between refined and natural sugar the Page creates the false impression that the acai base does not contain cane sugar or artificial sweeteners.  Second, the SAC asserts that a false impression is also created by statements that the acai base recipe is "hand crafted," that Playa Bowls "control[s] everything" that goes into the product, and that the product is stored no more than 21 days once imported.  Because the Page omits mention of the base's added preservatives or the fact that the defendant sources the acai base from a wholesaler in Brazil, the statements falsely convey that the product is minimally processed and free of preservatives.

The SAC's claims based on the website's Page fail to state a violation of the GBL.  Again, the SAC does not identify any false statement.  It does not identify any statement as either explicitly false or false by implication.  It relies instead on its omission theory.  The SAC fails to plead, however, that a reasonable consumer would have understood anything on the Page to constitute a complete list of all of the ingredients for the acai base or a complete description of the manufacturing process.  The information to which the SAC points is stated at a much more general level.  And it is undisputed that a complete list of the ingredients for the acai base is available to the

14

public on request.  Indeed, Logan himself requested and received that list of ingredients from the defendant and does not assert that the list was false or misleading.

In opposition to this motion, Logan argues that the website's explanation that the acai base was "hand crafted" combined with the Page's promotion of fruit-based sugars conveyed "an actionable impression of purity, minimal processing, and freedom from the very refined sweeteners and additives it criticizes."  Without pointing to an affirmative statement that would mislead a reasonable consumer when making a purchasing decision, however, Logan cannot show that the SAC pleads actionable misrepresentations.  Logan reliance on his "health halo" argument fails to plead that the statements constituted misrepresentations.  The SAC thus also fails to plead a GBL claim with respect to the website.

C. Two Other Statements

The SAC asserts GBL claims for two additional statements. They are statements in the 2019 Blog Post and statements in the Logan's June 2025 email correspondence with Playa Bowls regarding the Nutrition Label.  Since the plaintiff has abandoned these claims in its opposition to this motion, they will be only briefly described.

The SAC asserts that the 2019 Blog Post, available from the defendant's website through a search, creates the false impression that Playa Acai is "mostly pure and undiluted."  The SAC does not identify any false statement made in the Post, however, relying again on an omission theory.  Moreover, the SAC does not assert that either Logan or any other consumer would have read and reasonably relied on this Post when purchasing the defendant's products.

The SAC asserts that information in the email exchange regarding the Nutrition Label is misleading because it understated the "total sugar load" by approximately 17.2%.  As the defendant pointed out in its motion, if anything, the email exchange overstated the amount of added sugars in each Playa bowl.  In opposition to this motion, Logan no longer argues that the defendant understated the sugar load.  And, as was true with respect to the Post, the SAC fails to plead that Logan purchased the defendant's products after the email correspondence. Accordingly, the defendant's motion to dismiss the GBL statements regarding these two statements is granted.

II.  Fraud

Playa Bowls next moves to dismiss the claims of fraud and fraudulent concealment, arguing that they fail for the same reasons as the GBL claims and because the SAC fails to plead

16

these claims with the particularity required by Rule 9(b).  The

motion is granted.

In a claim for common law fraud or fraudulent

misrepresentation, a plaintiff must allege "a misrepresentation

or a material omission of fact which was false and known to be

false by defendant, made for the purpose of inducing the other

party to rely upon it, justifiable reliance of the other party

on the misrepresentation or material omission, and injury."

Ambac Assurance Corp. v. Countrywide Home Loans, Inc., 31 N.Y.3d

569, 578-79 (2018) (citation omitted); Mandarin Trading Ltd. v.

Wildenstein, 16 N.Y.3d 173, 178 (2011) (citation omitted).  "A

cause of action for fraudulent concealment requires, in addition

to the four foregoing elements of fraudulent misrepresentation,

an allegation that the defendant had a duty to disclose material

information and that it failed to do so."  Mandarin, 16 N.Y.3d

at 179 (citation omitted).  Rule 9(b) applies to the pleading of

these claims.

As already explained, the SAC fails to plead a false

statement or a material omission with respect to the four sets

of statements.  The SAC also fails to plead scienter.  Further,

the SAC does not plead that the defendant owed Logan a duty to

disclose information regarding its ingredients in its acai base

other than the statements that it did provide to Logan in

17

response to his email inquiry.  Finally, the SAC also fails to plead reliance for any of the statements except the statements made on the menu board.

In opposition to this motion, Logan only defends the fraud and fraudulent concealment claims insofar as they concern the menu board.  He argues that "clean/pure/whole food" message conveyed by the menu board created a false impression and required the defendant to reveal the additives to the acai base. This assertion regarding an impression does not state a claim for fraud.  There was no duty to list the additives on the board.  The motion to dismiss these claims is granted.

III. Unjust Enrichment

Playa Bowls next moves to dismiss the unjust enrichment claim as duplicative of the GBL claims.  Under New York law, a plaintiff bringing an unjust enrichment claim must plead "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Myun-Uk Choi v. Tower Rsch. Cap. LLC, 890 F.3d 60, 69 (2d Cir. 2018) (citation omitted).  A claim for unjust enrichment is only available "in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation."  Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790 (2012).  Thus, an

unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Id.  "Two claims are duplicative of one another if they arise from the same facts and do not allege distinct damages." NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 175 (2d Cir. 2008) (citation omitted).

The unjust enrichment claim is entirely duplicative of the GBL claims.  Logan does not contend otherwise in his opposition brief.  The claim is dismissed.

## Conclusion

The defendant's February 3, 2026, motion to dismiss is granted.  The Clerk of Court shall enter judgment for the defendant and close the case.

Dated:    New York, New York
          March 23, 2026

_____
DENISE COTE
United States District Judge

19